**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION, 1525 Aviation Boulevard, Suite 318, Redondo Beach, California 90278<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, ADMINISTRATOR OF ENVIRONMENTAL PROTECTION AGENCY and<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br><br>1200 Pennsylvania Avenue, N.W. Washington, D.C. 20460<br><br>*Defendants*. | CIVIL ACTION NO. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTORY STATEMENT**

1.    Plaintiff Asbestos Disease Awareness Organization ("ADAO") brings this action

pursuant to section 20(a)(2) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §

2619(a)(2), to compel Defendants Lee Zeldin, in his official capacity as Administrator of the U.S.

1

Environmental Protection Agency, and the U.S. Environmental Protection Agency (collectively, "EPA" or "Defendants"), to perform a non-discretionary statutory duty. Specifically, EPA has failed to propose a risk management rule under TSCA section 6(a), 15 U.S.C. § 2605(a), to address the unreasonable risk to human health presented by legacy asbestos, despite a clear statutory deadline that has passed.

2.      "Legacy asbestos" refers to asbestos-containing materials—including insulation, floor tiles, roofing, siding, pipes, boilers, gaskets, and other building products—that were widely distributed in commerce and installed in millions of structures across the United States during a large part of the twentieth century. Although most of these products are no longer manufactured or sold in the U.S., asbestos-containing materials remain in place in numerous schools, factories, public buildings, commercial businesses, apartment buildings, and private residences. There is widespread human exposure to legacy asbestos during maintenance, renovation, repair, and demolition of these structures and through the generation and management of asbestos-containing waste.

3.      Asbestos-related diseases cause nearly 40,000 deaths in the United States annually, according to the published study entitled "Global Asbestos Disaster."[1] Firefighters, construction workers, school teachers, and other occupants of older buildings face significantly elevated risks of mesothelioma and other asbestos-related cancers as a result of exposure to legacy asbestos.

4.      On December 3, 2024, EPA published its final Part 2 risk evaluation for asbestos, addressing legacy asbestos under section 6(b) of TSCA. In that evaluation, EPA determined that legacy asbestos presents an unreasonable risk of injury to human health. 89 Fed. Reg. 95777 (December 3, 2024). That finding triggered a statutory obligation under TSCA section 6(c)(1)(A),

---

[1] S. Furuya, O. Chimed-Ochir, K. Takahashi, A. David, and J. Takala, "Global Asbestos Disaster," *International Journal of Environmental Research and Public Health,* vol. 15, no. 5, p. 15, 2018.

15 U.S.C. § 2605(c)(1)(A), EPA to propose a rule under section 6(a) to eliminate the identified unreasonable risk "not later than 1 year after the date on which the final risk evaluation regarding the chemical substance is published."

5.    EPA's deadline to propose a risk management rule for legacy asbestos was December 3, 2025. That deadline has passed. EPA has not proposed any rule. This failure constitutes a violation of a non-discretionary duty enforceable through a citizens' suit under TSCA section 20(a)(2).

6.    On February 13, 2026, ADAO provided written notice to defendant EPA Administrator Lee Zeldin of its intent to file this action, as required by TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2). More than sixty days have elapsed since that notice without EPA proposing the required rule. ADAO now brings this action to obtain a declaratory judgment that EPA is in violation of its non-discretionary statutory duty and an injunction ordering EPA to propose the required rule by a date certain.

## **JURISDICTION AND VENUE**

7.    This Court has jurisdiction over this action pursuant to TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), which authorizes citizens to bring a civil action to compel the EPA Administrator to perform any non-discretionary act or duty under TSCA, and pursuant to 28 U.S.C. §§ 1331 and 1361.

8.    Venue is proper in this district pursuant to TSCA section 20(a), 15 U.S.C. § 2619(a), and 28 U.S.C. § 1391(e), because defendant EPA is an agency of the United States headquartered in this district and a substantial part of the events or omissions giving rise to this claim occurred here.

9.      Plaintiff provided written notice of EPA's violation to defendant Administrator Lee Zeldin by letter dated February 13, 2026, as required by TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2). More than sixty days have elapsed since that notice was served, and EPA has not proposed a rule addressing the unreasonable risk of legacy asbestos. This action is ripe for adjudication by the Court.

## PARTIES

10.     Plaintiff Asbestos Disease Awareness Organization (ADAO) is a non-profit organization whose mission is to prevent asbestos-caused diseases, including lung cancer, malignant mesothelioma, ovarian cancer, cancer of the larynx in humans, and asbestosis. ADAO works on many fronts to reduce and eliminate asbestos exposure. The tools it employs include public education, collaboration with grassroots communities, and scientific analysis and research. ADAO also advocates for federal, state and local laws and regulations that protect against asbestos exposure and disease. ADAO has spent over a decade working to prevent asbestos-caused diseases. ADAO has standing to bring this action on behalf of itself and its members. ADAO is based in Redondo Beach, California.

11.     Defendant Lee Zeldin is the Administrator of the U.S. United States Environmental Protection Agency and is sued in his official capacity. As Administrator, he is responsible for ensuring that EPA performs its non-discretionary duties under TSCA, including the duty to propose a risk management rule following a final risk evaluation that finds unreasonable risk. His principal office is located at 1200 Pennsylvania Avenue, N.W., Washington, D.C. 20460.

12.     Defendant United States Environmental Protection Agency is an agency of the United States government established under the Reorganization Plan No. 3 of 1970. EPA is responsible for implementing and enforcing TSCA, including the conduct of risk evaluations and

4

the promulgation of risk management rules under TSCA section 6. EPA's headquarters are located at 1200 Pennsylvania Avenue, N.W., Washington, D.C. 20460.

## STATUTORY AND REGULATORY BACKGROUND

### A.    The Toxic Substances Control Act and the 2016 Amendments

13.    TSCA, 15 U.S.C. §§ 2601–2697, is the principal federal law for managing the risks of chemical substances in commerce. TSCA was comprehensively amended by the Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. No. 114-182, 130 Stat. 448 (2016) (the "2016 Amendments"), which overhauled the process for evaluating and managing chemical risks.

14.    Under the 2016 Amendments, TSCA section 6(b)(4)(A), 15 U.S.C. § 2605(b)(4)(A), directs the Administrator to "conduct risk evaluations . . . to determine whether a chemical substance presents an unreasonable risk of injury to health or the environment . . . under the conditions of use." TSCA section 6(b)(2)(A) required EPA to select ten chemicals to undergo risk evaluations within 180 days of enactment and to initiate those evaluations promptly.

15.    If a risk evaluation finds that a chemical substance "presents an unreasonable risk of injury to health," TSCA section 6(a), 15 U.S.C. § 2605(a), directs that the Agency "shall by rule" apply one or more specified restrictions to the substance "to the extent necessary so that the chemical substance . . . no longer presents such risk."

16.    The timeline for risk management rulemaking is prescribed by TSCA section 6(c)(1)(A), 15 U.S.C. § 2605(c)(1)(A), which directs that EPA "shall propose in the Federal Register a rule under subsection (a) for the chemical substance not later than 1 year after the date on which the final risk evaluation regarding the chemical substance is published." This is a mandatory, non-discretionary duty.

**B.        The Citizens' Suit Provision**

17.        TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), authorizes any person to commence a civil action "against the Administrator to compel the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator."

18.        TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2), requires that no civil action to compel a non-discretionary duty may be commenced before the expiration of sixty days after the plaintiff has given notice of the alleged violation to the Administrator.

## FACTUAL ALLEGATIONS

**A.        Asbestos Is Selected for Risk Evaluation: EPA Excludes Legacy Asbestos**

19.        In December 2016, EPA announced the ten chemicals selected for initial risk evaluations under the 2016 Amendments. Asbestos was among them. 81 Fed. Reg. 91927 (December 19, 2016).

20.        Asbestos is a mineral fiber that causes lung cancer, malignant mesothelioma, ovarian cancer, cancer of the larynx, and asbestosis. Asbestos was widely used throughout the twentieth century in construction and industrial products. Hundreds of thousands of Americans have died from asbestos-related diseases.

21.        When EPA began its risk evaluation, it initially took the position that "legacy" asbestos—asbestos-containing materials already installed in buildings and other structures—was beyond its authority under TSCA. In its May 2018 problem formulation for asbestos, EPA stated that it would not address "pre-existing materials currently in place within buildings (e.g., insulation materials, flooring, etc.) and also within pre-existing non-building equipment" because "[t]hese materials were installed in the past, and there is no evidence to suggest that manufacturing, processing, or distribution for such activities is intended, known, or reasonably foreseen."

22.     EPA codified this approach in its July 2017 "framework" rule, which established the methodology EPA would follow for conducting risk evaluations. 82 Fed. Reg. 33726 (July 20, 2017). The preamble to the rule stated that EPA did not consider "legacy activities"—comprising "legacy uses," "associated disposals," and "legacy disposals"—to be TSCA "conditions of use." Id. at 33729–30.

**B.      The Ninth Circuit Rejects EPA's Exclusion of Legacy Asbestos**

23.     The framework rule was challenged judicially by ADAO and other petitioners. On November 14, 2019, the Ninth Circuit Court of Appeals held that "EPA's exclusion of legacy uses and associated disposals contradicts TSCA's plain language." Safer Chemicals, Healthy Families v. USEPA, 943 F.3d 397, 421 (9th Cir. 2019). The Court held that TSCA's "conditions of use" definition "plainly addresses conditions of use of chemical substances that will be used or disposed of in the future, regardless of whether the substances are still manufactured for the particular use." Id. at 424. The Court expressly noted that asbestos in existing insulation and similar materials falls within this definition. Id. at 421, 424.

24.     As a result of the Ninth Circuit's decision, EPA was required to include legacy asbestos within its asbestos risk evaluation.

**C.      EPA Issues Part 1 Risk Evaluation Without Addressing Legacy Asbestos Despite Ninth Circuit Decision**

25.     On January 4, 2021, EPA issued a final Part 1 risk evaluation for Asbestos (Chrysotile Asbestos). 86 Fed. Reg. 89 (January 4, 2021). The Part 1 evaluation did not address legacy asbestos use and disposal.

26.     EPA announced that it would conduct a separate Part 2 risk evaluation to address legacy asbestos, but did not establish a schedule for completing it. On January 26, 2021, ADAO and several co-parties served a sixty-day notice on EPA under TSCA section 20(b)(2), notifying

EPA of its intent to bring a citizens' suit to enforce EPA's non-discretionary obligation to complete a risk evaluation addressing legacy asbestos.

27.    ADAO and its co-parties filed suit against EPA in the United States District Court for the Northern District of California on May 18, 2021. *Asbestos Disease Awareness Organization v. Michael S. Regan*, No. 4:21-CV-03716 (N.D. Cal.). The case was resolved by a Consent Decree entered by the court on October 13, 2021, which ordered EPA to issue its final Part 2 risk evaluation by December 1, 2024.

28.    On March 28, 2024, EPA issued its Part 1 risk management rule for Chrysotile Asbestos, banning six conditions of use. 89 Fed. Reg. 21970 (March 28, 2024). That rule did not address legacy asbestos.

29.    EPA announced the availability of the draft Part 2 risk evaluation for public comment on April 16, 2024. 89 Fed. Reg. 26878.

**D.    EPA's Part 2 Risk Evaluation Finds Unreasonable Risk from Legacy Asbestos**

30.    On December 3, 2024, EPA published its final Part 2 risk evaluation for legacy asbestos under TSCA section 6(b). 89 Fed. Reg. 95777 (December 3, 2024). In that evaluation, EPA determined, based on the best available science and the weight of scientific evidence, that "asbestos poses unreasonable risk to human health." Id. at 95777–78.

31.    EPA specifically identified four categories of unreasonable risk from legacy asbestos: (1) cancer and non-cancer effects in workers, including other occupational non-users ("ONUs") and firefighters, from inhalation exposures; (2) cancer and non-cancer effects in handlers and bystanders from inhalation exposures associated with handling of garments taken home from occupational exposure; (3) cancer and non-cancer effects in consumers and bystanders

8

from inhalation exposures; and (4) cancer and non-cancer effects in the general population from inhalation exposures. 89 Fed. Reg. at 95778.

32.    EPA acknowledged in its notice that it "must initiate risk management action as required pursuant to 15 U.S.C. 2605(a) to address the unreasonable risk." Id.

**E.    EPA Fails to Propose a Risk Management Rule by the Statutory Deadline**

33.    The publication of EPA's final Part 2 risk evaluation on December 3, 2024, triggered EPA's non-discretionary obligation under TSCA section 6(c)(1)(A) to propose a risk management rule for legacy asbestos. Under that provision, EPA "shall propose in the Federal Register a rule under subsection (a) for the chemical substance not later than 1 year after the date on which the final risk evaluation regarding the chemical substance is published." 15 U.S.C. § 2605(c)(1)(A) (emphasis added).

34.    Accordingly, EPA was required to propose a risk management rule for legacy asbestos no later than December 3, 2025.

35.    EPA did not propose a risk management rule for legacy asbestos by December 3, 2025, and has not proposed any such rule to date. EPA is therefore in default of its non-discretionary statutory duty under TSCA sections 6(a) and 6(c)(1)(A).

**F.    Plaintiff's Sixty-Day Notice**

36.    On February 13, 2026, ADAO, through its counsel Robert M. Sussman of Sussman & Associates, served a written notice of intent to sue on EPA Administrator Lee Zeldin pursuant to TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2), and 40 C.F.R. § 702.62(b). The notice detailed the specific TSCA provisions at issue, the factual and legal basis for alleging that EPA is in violation of its non-discretionary duty, and the identity of the citizen giving notice.

37.    More than sixty days have elapsed since ADAO's February 13, 2026 notice. EPA has not proposed a risk management rule for legacy asbestos during this period. The statutory precondition for commencing this action has been satisfied

## CLAIM FOR RELIEF

### Violation of TSCA Sections 6(a) and 6(c)(1)(A):

**Failure to Perform a Non-Discretionary Duty to Propose a Risk Management Rule**

38.    Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39.    TSCA section 6(c)(1)(A), 15 U.S.C. § 2605(c)(1)(A), imposes a mandatory, non-discretionary duty on the EPA Administrator to propose a rule under section 6(a) to address the unreasonable risk of a chemical substance within one year of the publication of a final risk evaluation determining that the substance presents an unreasonable risk of injury to health.

40.    EPA's final Part 2 risk evaluation for legacy asbestos was published on December 3, 2024 and affirmatively determined that legacy asbestos presents an unreasonable risk of injury to human health. This determination triggered EPA's non-discretionary obligation to propose a section 6(a) risk management rule by December 3, 2025.

41.    EPA failed to propose a risk management rule for legacy asbestos by the December 3, 2025 statutory deadline and has failed to do so to date. This failure constitutes a violation of EPA's non-discretionary duty under TSCA sections 6(a) and 6(c)(1)(A).

42.    TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), authorizes ADAO to maintain this citizens' suit to compel the Administrator to perform this non-discretionary duty. All statutory prerequisites for bringing this action have been satisfied.

43.    EPA's failure to propose a risk management rule for legacy asbestos causes ongoing and irreparable harm to ADAO's supporters and to the public, who continue to be exposed to legacy asbestos without the protections that a risk management rule would provide. Absent judicial relief, EPA has provided no indication that it will comply with its statutory duty.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Asbestos Disease Awareness Organization respectfully requests that this Court:

A.    Declare that defendants are in violation of their non-discretionary duty under TSCA sections 6(a) and 6(c)(1)(A), 15 U.S.C. §§ 2605(a) and 2605(c)(1)(A), by failing to propose a risk management rule for legacy asbestos within one year of publication of the final Part 2 risk evaluation on December 3, 2024;

B.    Issue an injunction ordering defendants to propose a risk management rule for legacy asbestos under TSCA section 6(a) by a date certain established by the Court;

C.    Retain jurisdiction over this action to ensure compliance with the Court's Order;

D.    Award Plaintiff its reasonable attorneys' fees and costs pursuant to TSCA section 20(c), 15 U.S.C. § 2619(c); and

E.    Grant such other and further relief as the Court deems just and proper.

Dated: April 21, 2026

Respectfully submitted,

/s/*Robert M. Sussman*
Robert M. Sussman
DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008

11

(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Asbestos Disease*
*Awareness Organization*