**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION, 1525 Aviation Boulevard, Suite 318, Redondo Beach, California 90278<br><br>*Plaintiff*,<br><br>       v.<br><br>LEE ZELDIN, ADMINISTRATOR OF ENVIRONMENTAL PROTECTION AGENCY and<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br><br>1200 Pennsylvania Avenue, N.W. Washington, D.C. 2046<br><br>*Defendants*. | CIVIL ACTION NO. 26-cv-01350-AHA |

**UNOPPOSED MOTION FOR EXTENSION OF TIME**

Plaintiff Asbestos Disease Awareness Organization (ADAO) hereby requests a 7-day extension of time to respond to defendants' June 26, 2026 Premotion Statement. ECF 7.

Counsel for defendants Environmental Protection Agency (EPA) and Lee Zeldin has informed ADAO counsel that defendants do not oppose the requested extension.

1

ADAO is a non-profit organization whose mission is to prevent asbestos-caused diseases, including lung cancer, malignant mesothelioma, ovarian cancer, cancer of the larynx in humans, and asbestosis. ADAO works on many fronts to reduce and eliminate asbestos exposure. Among the tools it employs is advocating for federal, state and local laws and regulations that protect against asbestos exposure and disease. ADAO filed this suit under section 20(a)(2) of the Toxic Substances Control Act (TSCA), 15 U.S.C. § 2619(a)(2). This provision authorizes any person to commence a civil action "to compel the [EPA] Administrator to perform any act or duty under this chapter which is not discretionary." Plaintiff's Complaint (ECF 1) alleges that defendants had a mandatory duty under TSCA section 6(c)(1)(A), 15 U.S.C. § 2605(c)(1)(A), to propose a risk management rule for legacy asbestos by no later than December 3, 2025 but has failed to perform this duty. The Complaint asks this Court to direct EPA to propose this mandatory rule as soon as practicable.

Under the minute order entered by the Court on April 26, 2026, a party that intends to move for dismissal of the Complaint must first file a "premotion statement . . . setting forth the basis for the anticipated motion." A party planning to oppose the motion must respond to this statement within 14 days.  Defendants filed such a statement on June 26, outlining its intention to seek dismissal of the Complaint in its entirety on grounds of mootness, lack of standing and defective service of process. Plaintiffs disputes these grounds for dismissal and will oppose the motion.

The current deadline for responding to defendants' premotion statement is July 9; with the extension, the response date would be July 16. Plaintiffs counsel is now on an extended vacation outside the United States and will return on July 11. A one-week extension  provide the

2

additional time counsel requires to research the basis for defendants intended motion and draft and submit a response to defendants' premotion statement.

WHEREFOR the Court should grant plaintiffs' unopposed motion for an extension until July 16.

A proposed order is attached.

Dated: July 6, 2026

Respectfully submitted,


/s/*Robert M. Sussman*
Robert M. Sussman
DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Asbestos Disease
Awareness Organization*