**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION,<br>1525 Aviation Boulevard, Suite 318,<br>Redondo Beach, California 90278<br><br>*Plaintiff*,<br><br>        v.<br><br>LEE ZELDIN, ADMINISTRATOR OF ENVIRONMENTAL PROTECTION AGENCY and<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br><br>1200 Pennsylvania Avenue, N.W. Washington, D.C. 20460<br><br>*Defendants*. | CIVIL ACTION NO. 26-cv-01350-AHA |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' PREMOTION STATEMENT</u>**

On July 25, 2026, in accordance with the Court's April 26, 2026 minute order, defendants Environmental Protection Agency (EPA) and Administrator Lee Zeldin filed a Premotion Statement (ECF 7) indicating that they plan to file a motion to dismiss plaintiff's April 21, 2026 Complaint (ECF 1) in its entirety. Plaintiff Asbestos Disease Awareness Organization (ADAO) hereby responds to defendants' Statement.

1

Counsel for plaintiff and defendants have conferred and determined that they are available for a conference with the Court on July 23, 24 or 30 between 2 and 4 pm but not during the first week of August. Counsel's preference is for a Zoom conference if possible.

**<u>Background</u>**

At issue is this case is whether defendants have violated their non-discretionary duty under the Toxic Substances Control Act (TSCA) to propose a risk management rule for "legacy asbestos" by the statutory deadline. TSCA, the nation's law for addressing unsafe chemicals, was enacted in 1976 but amended in 2016 to expedite risk evaluations and risk management rules for dangerous substances like asbestos.  Under the amended law, mandatory and enforceable deadlines play a central role in achieving this goal.  Thus, after EPA selects a chemical for a risk evaluation, section 6(b)(4)(G) requires it to complete the evaluation in three years. Then, if the evaluation demonstrates an unreasonable risk of injury, section 6(c)(1) requires EPA to issue a proposed risk management rule within one year and finalize it one year later.  Because they prescribe actions that EPA "shall" take by specified dates, these statutory deadlines impose "non-discretionary" duties on the Agency that are enforceable in citizens' suits under TSCA Section 20 where they are violated.

EPA's risk evaluation for legacy asbestos was completed on December 1, 2024 and found it presented an unreasonable risk of injury. As a result, the Agency was required by TSCA section 6(c)(1)(A) to propose a risk management rule within one year, or by December 3, 2025. However, nearly 8 months later, EPA has still not published its proposal. In its April 21 Complaint, ADAO therefore sought a determination that EPA was in violation of the statutory deadline and asked the Court to issue an injunction compelling EPA to discharge its mandatory duty under the law.

**<u>Developments after the Filing of Plaintiff's Complaint</u>**

On June 24, 2026, two months after this case was filed, EPA announced that it would delay the proposed rule until June 3, 2027 based on TSCA section 6(c)(1)(C), which provides a limited mechanism for extending section 6 deadlines for proposed and final risk management rules by no more than two years in the aggregate. According to its Premotion Statement, EPA intends to seek dismissal on the ground that this case is "moot" because it has postponed the original statutory deadline and it is no longer binding on the Agency.

Yesterday, however, ADAO submitted an unopposed motion for leave to file a Supplemental Complaint under Federal Rule Civil Procedure (FRCP) 15(d). ECF 10.    . Responding to EPA's assertions of mootness, the draft Supplemental Complaint maintains that EPA's "postponement" of the statutory deadline did not comply with TSCA and the Administrative Procedure Act (APA) and therefore could not eliminate EPA's obligation to issue a proposed rule by December 3, 2025. Instead, plaintiff asserts, because the claimed "extension" was unlawful, that deadline is still in effect and EPA is still violating it by failing to propose the legacy asbestos risk management rule.

**Path Forward in this Case**

Given these developments, the continuing application of the TSCA statutory deadline is plainly a contested issue and this case cannot be moot. If the Court grants leave to file the Supplemental Complaint, it would supersede the original Complaint and there would no longer be a need to adjudicate whether that Complaint should be dismissed.  At this juncture, the resources of the parties and the Court are best deployed to address the issues raised by the Supplemental Complaint – *i.e.* the lawfulness of the June 24 EPA "extension" and whether or not it negates the statutory deadline or that deadline remains in effect.

In discussions among counsel, EPA recommended setting a 30-day response date for the Supplemental Complaint. ADAO concurred and, in its motion for leave to supplement, proposed this timetable to the Court, which must specify a deadline for responding to supplemental pleadings under FRCP 15(d). If it so chose, in lieu of answering the Supplemental Complaint, EPA could file a motion to dismiss under FRCP 12(b)(1) and plaintiff could oppose the motion and/or file a motion for summary judgment. This would tee up for the Court the legal sufficiency of EPA's "extension" of the statutory deadline and determine whether EPA is or is not in violation of its mandatory duty under TSCA.

### Other Grounds for Dismissal

Defendants' Premotion Statement also expresses an intent to seek dismissal of the Complaint because it fails to allege facts sufficient to establish ADAO's standing to bring this case. However, the Supplemental Complaint provides considerably more detail about ADAO's programs and activities, its extensive network of supporters, and the active role of these supporters in implementing and helping to shape its programmatic agenda, scientific work and regulatory advocacy. These extensive ties between ADAO and its supporters provide a strong foundation for establishing associational standing.

As the Supplemental Complaint also demonstrates, ADAO's supporters are being harmed by EPA's failure to complete its risk management rule by TSCA's mandatory deadlines.  The Agency's Part 2 risk evaluation document that several segments of the population experience levels of legacy asbestos exposure known to cause lung cancer, mesothelioma and numerous other diseases. Among these groups are ADAO supporters and partners, including organizations representing firefighters, asbestos abatement workers, students and teachers along with residents and occupants of asbestos-contaminated buildings. Thus, these members of ADAO's network

4

would be at risk of harm from a significant delay in meeting the statutory deadlines for proposing and then finalizing a risk management rule for legacy asbestos.

The Supreme Court has held that, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [because] . . . we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561(1992) quoting *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889 (1990)). Under this low standard, the allegations in plaintiff's Supplemental Complaint should be more than sufficient to withstand a motion to dismiss. However, if defendants feel otherwise, they could challenge ADAO's standing in seeking to dismiss the Supplemental Complaint.

Finally, EPA has claimed that the Complaint should be dismissed because of inadequate service of the summons on the Attorney General. However, ADAO promptly took action to cure this deficiency by re-serving the summons and Complaint on the Attorney General by certified mail within the 90 day service period in FRCP 4(m).

Dated:  July 16, 2026

Respectfully submitted,

/s/*Robert M. Sussman*
Robert M. Sussman
DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Asbestos Disease*
*Awareness Organization*

5