**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ASBESTOS DISEASE AWARENESS
ORGANIZATION,
1525 Aviation Boulevard, Suite 318,
Redondo Beach, California 90278

*Plaintiff*,

v.

LEE ZELDIN, ADMINISTRATOR OF
ENVIRONMENTAL PROTECTION
AGENCY and

U.S. ENVIRONMENTAL
PROTECTION AGENCY

1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

*Defendants*.

CIVIL ACTION NO. 26-cv-01350-AHA

**SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF [PROPOSED]**

**INTRODUCTORY STATEMENT**

1.      Plaintiff Asbestos Disease Awareness Organization ("ADAO") brings this action pursuant to the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2601 *et seq*, the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and the Administrative Procedure Act ("APA"), 5

1

U.S.C. §§ 551–559, against Lee Zeldin, in his official capacity as Administrator of the U.S. Environmental Protection Agency, and the U.S. Environmental Protection Agency (collectively, "EPA" or "Defendants").

2.      In this case, plaintiff seeks to remedy EPA's failure to comply with TSCA section 6(c)(1)(C)'s mandatory deadline of December 3, 2025 for proposing a risk management rule under TSCA section 6(a) addressing the unreasonable health risks of "legacy asbestos." Two months after plaintiff filed this suit, EPA announced that that it would delay the proposed rule for an additional year beyond the seven month delay that has already occurred. TSCA provides a limited mechanism for extending section 6 rulemaking deadlines but imposes demanding requirements for granting such extensions. EPA failed to meet these requirements. As a result, EPA's attempt to postpone the current statutory deadline was unlawful and cannot relieve the Agency of its mandatory duty to meet that deadline.

3.      "Legacy asbestos" refers to asbestos-containing materials -- including insulation, floor tiles, roofing, siding, pipes, boilers, gaskets, and other building products -- that were widely distributed in commerce and installed in millions of structures across the United States during a large part of the twentieth century. Although most of these products are no longer manufactured or sold in the U.S., previously installed asbestos-containing materials remain in place in numerous schools, factories, public buildings, commercial businesses, apartment buildings, and private residences. There is widespread human exposure to legacy asbestos during maintenance, renovation, repair, and demolition of these structures and through the generation and management of asbestos-containing waste.

4.      Asbestos-related diseases cause 40,000 deaths in the United States annually. As a result of exposure to legacy asbestos, firefighters, construction workers, building maintenance

personnel, school teachers, students and people who live and work in older buildings face significantly elevated risks of mesothelioma, lung cancer, other cancers and non-cancer lung disease.

5.    On December 3, 2024, EPA published its final Part 2 risk evaluation for legacy asbestos under section 6(b)(4)(A) of TSCA. In that evaluation, EPA determined that legacy asbestos presents an unreasonable risk of injury to human health.  89 Fed. Reg. 95777.  That finding triggered a statutory obligation by EPA under TSCA section 6(c)(1), 15 U.S.C. § 2605(c)(1), to issue  a rule under section 6(a) to eliminate the unreasonable risk. The statute directed EPA to propose this rule "not later than 1 year after the date on which the final risk evaluation regarding the chemical substance is published" and to promulgate a final rule one year later.

6.    To meet its first obligation, EPA was required to propose a risk management rule for legacy asbestos on or before December 3, 2025. However, that deadline has passed without publication of a proposed rule. EPA's failure to meet the statutory deadline constitutes an ongoing violation of a non-discretionary duty enforceable through a citizens' suit under TSCA section 20(a)(2).

7.    On February 13, 2026, invoking this authority, plaintiff provided written notice to defendant Lee Zeldin of its intent to file a citizens' suit, as required by TSCA section 20(b)(2). On April 21, 2026, after EPA had failed to respond to this notice within 60 days, plaintiff filed its Complaint to compel EPA to meet the statutory deadline for proposing the Part 2 rule.

8.    On June 24, 2026, two months after commencement of this action, EPA announced that it was delaying proposal of the rule until June 3, 2027, so that it "can gather the exposure information needed to make those protections as strong and defensible as possible."

9.    To justify this delay, EPA relied on TSCA section 6(c)(1)(C), under which the Agency may extend the section 6(c)(1) rulemaking deadlines for no more than two years in the aggregate, including any delay by the Agency in completing the underlying risk evaluation by the deadline in section 6(b)(4)(G).  For substances like asbestos included in the 2014 TSCA Work Plan for Chemical Assessments, the statute further directs that such extensions must be based on an "adequate public justification that demonstrates, following a review of the information reasonably available to [EPA], that [it] cannot complete the proposed or final rule without additional information regarding the chemical substance."

10.    However, EPA failed to satisfy these requirements in three respects:  (i) the aggregate rulemaking delay resulting from its extension, plus EPA's earlier delay in completing the Part 2 risk evaluation,  will necessarily exceed the two-year statutory cap on deadline extensions for proposed and final risk management rules;  (ii)_EPA did not provide the requisite "adequate public justification" for the extension because it failed to conduct the notice-and-comment process required for legislative rules under the APA; and (iii)  EPA failed to demonstrate that "reasonably available information" was inadequate to complete proposed and final rules for legacy asbestos as TSCA required.

11.    Based on these deficiencies, EPA's extension of the statutory deadline for proposing the legacy asbestos risk management rule violated both TSCA and the APA and must be given no effect in applying the statutory deadlines in TSCA section 6(c)(1).

12.    Accordingly, the Court should declare that EPA is in violation of its non-discretionary statutory duty under section 6(c)(1) and enter an injunction setting expeditious deadlines for proposing and finalizing the asbestos risk management rule in accordance with TSCA.

## **JURISDICTION AND VENUE**

13. This Court has jurisdiction over this action pursuant to TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), which authorizes citizens to bring a civil action to compel the EPA Administrator to perform any non-discretionary act or duty under TSCA. Jurisdiction also arises pursuant to 28 U.S.C. §§ 1331 and 1361, which govern the power of federal courts to hear actions involving federal law.

14. The Court also has jurisdiction under section 7 of the APA, 5 U.S.C. §§ 702, 706, which authorizes judicial review of agency action by the district courts and directs them to set aside agency action that is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law or without observance of procedure required by law.

14. Venue is proper in this district pursuant to TSCA section 20(a), 15 U.S.C. § 2619(a), and 28 U.S.C. § 1391(e), because defendant EPA is an agency of the United States headquartered in this district and a substantial part of the events or omissions giving rise to this claim occurred here.

15. Plaintiff provided written notice of EPA's violation to defendant Administrator Lee Zeldin by letter dated February 13, 2026, as required by TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2). More than sixty days have elapsed since that notice was served, yet EPA has not proposed a rule addressing the unreasonable risk of legacy asbestos as required by TSCA. This action is therefore ripe for adjudication by the Court.

## **PARTIES**

### ADAO

16. Plaintiff Asbestos Disease Awareness Organization (ADAO) is a non-profit organization whose mission is to prevent asbestos-caused diseases. Based in Redondo Beach, California, ADAO works on many fronts to reduce and eliminate asbestos exposure. The tools it

employs include public education, collaboration with grassroots communities, scientific experts, public health organizations and regulatory agencies, and scientific analysis and research. ADAO also advocates for federal, state and local laws and regulations that protect against asbestos exposure and disease and files lawsuits to assure that legal protections against unsafe asbestos exposure are effectively carried out. ADAO's work to prevent asbestos-caused diseases spans over two decades.

17. ADAO is today the largest US-based independent organization dedicated to protecting public health through laws and regulations by preventing exposure to asbestos. ADAO's network of supporters and partners includes over 50,000 organizations and individuals. Among them are scientists, medical and public health professionals, teachers, industrial hygienists, asbestos abatement professionals, firefighters, emergency responders, industrial workers, fenceline community residents, and families affected by asbestos disease. ADAO's supporters and partners contribute financially to ADAO, participate in its campaigns, conferences, and public outreach efforts, express their views on policy and legal advocacy that ADAO undertakes, rely on ADAO to represent their interests before Congress, federal agencies, and the courts, join ADAO as co-plaintiffs or intervenors in lawsuits, and co-sign comments and letters presenting ADAO's positions to policymakers, scientific bodies and other influential groups.

18. ADAO and its partners and supporters are at risk of serious harm from EPA's delay in undertaking rulemaking to prevent dangerous exposure to legacy asbestos. EPA's Part 2 risk evaluation documents the numerous pathways of unsafe exposure to legacy asbestos throughout the economy. It also determines that several segments of the population experience levels of legacy asbestos exposure demonstrated to cause lung cancer, mesothelioma and numerous other diseases

known to result in serious impairment and frequently death.  These population groups include numerous ADAO supporters.

19.    EPA's evaluation found that the risks of injury from legacy asbestos are "unreasonable" under TSCA. Pursuant to TSCA section 6(a), this finding required EPA to promulgate a risk management rule that imposes requirements that fully protect against this unreasonable risk.

20.    A significant delay in meeting the statutory deadlines for proposing and then finalizing such a rule would endanger numerous ADAO supporters and partners, including firefighters, asbestos abatement workers, students and teachers, construction workers,  building maintenance personnel and residents and occupants of asbestos-contaminated homes, apartment dwellings, factories and commercial and public buildings.  Based on the findings of the Part 2 evaluation, all of these groups are now experiencing risks that, by EPA's admission, are unreasonable and must be eliminated under TSCA.

EPA

21.    Defendant Lee Zeldin is the Administrator of the U.S. United States Environmental Protection Agency and is sued in his official capacity. As Administrator, he is responsible for ensuring that EPA performs its non-discretionary duties under TSCA, including the duty to propose and finalize a risk management rule for legacy asbestos in accordance with statutory deadlines. Administrator Zeldin's office is located at 1200 Pennsylvania Avenue, N.W., Washington, D.C. 20460.

22.    Defendant United States Environmental Protection Agency is an agency of the United States government established under the Reorganization Plan No. 3 of 1970. EPA is responsible for implementing and enforcing TSCA, including conducting risk evaluations and

promulgating risk management rules under TSCA section 6. EPA headquarters offices responsible for implementing TSCA are also located at 1200 Pennsylvania Avenue, N.W., Washington, D.C. 20460.

**STATUTORY AND REGULATORY BACKGROUND**

A.    **Congress Amended TSCA In 2016 to Strengthen Protections Against Unsafe Chemicals**

23.    TSCA, 15 U.S.C. §§ 2601–2697, is the principal federal law for managing the risks of chemical substances in commerce. TSCA was comprehensively amended in 2016 by the Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. No. 114-182, 130 Stat. 448 (2016) (the "2016 Amendments"), which overhauled and strengthened the process for evaluating and managing chemical risks.

24.    Congress was disappointed by the meager accomplishments of EPA under the original law and wanted to make sure that implementation of EPA's enhanced TSCA authority was robust, timely and health-protective. A major goal of the 2016 Amendments was therefore to expedite risk evaluations and risk management rules for chemicals like asbestos presenting serious risks of harm to human health and the environment and to assure that EPA imposes restrictions on the substance sufficient to protect against unreasonable risks. Because of EPA's history of inaction under the original law, the 2016 amendments prescribe in detail the scope, goals and timelines of both risk evaluations and risk management rules.

25.    Thus, TSCA section 6(b)(4)(A), 15 U.S.C. § 2605(b)(4)(A), directs the Administrator to "conduct risk evaluations . . . to determine whether a chemical substance presents an unreasonable risk of injury to health or the environment . . . under the conditions of use." Under section 6(b)(4)(F), these determinations cannot consider "costs and other non-risk factors." Accordingly, unreasonable risk as defined in TSCA only allows for consideration of the nature

8

and magnitude of a chemical's harmful effects; EPA can no longer balance risks and benefits, as the original law permitted.

26.     If a risk evaluation finds that a chemical substance "presents an unreasonable risk of injury to health," TSCA section 6(a), 15 U.S.C. § 2605(a), directs that the Agency "shall by rule" apply one or more specified restrictions to the substance "to the extent necessary so that the chemical substance . . . no longer presents such risk." Thus, EPA lacks authority to reduce the level of protection it affords based on economic considerations.

**B**.     **TSCA Sets Mandatory Deadlines For Risk Evaluations and Risk Management Rules and Gives EPA Limited Authority to Extend these Deadlines**

27.     Another overriding goal of the 2016 Amendments was to set binding targets for the number of substances that would undergo the risk evaluation and management process and impose mandatory and enforceable deadlines for completing these steps. Thus, after EPA selects a chemical for risk evaluation through the prioritization procedure established in section 6(b)(1), section 6(b)(4)(G) directs that it must complete the evaluation in three years, subject only to one six month extension.

28.     TSCA section 6(c)(1), 15 U.S.C. § 2605(c)(1), prescribes the timeline by which EPA must complete .risk management rulemaking where its  evaluation determines that a chemical presents an unreasonable risk of injury. Subparagraph (A) directs that EPA "shall propose in the Federal Register a rule under subsection (a) for the chemical substance not later than 1 year after the date on which the final risk evaluation regarding the chemical substance is published." Subparagraph (B) then requires EPA to promulgate a final rule not later than two years from the risk evaluation's publication.

**B.**     **Deadlines are Enforceable Through Citizens' Suits**

29.    TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), authorizes any person to commence a civil action "against the Administrator to compel the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator."

30.    TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2), requires that no civil action to compel a non-discretionary duty may be commenced before the expiration of sixty days after the plaintiff has given notice of the alleged violation to the Administrator.

31.    Because they prescribe actions that EPA "shall" take by specified dates, the statutory deadlines in sections 6(b)(4)(G) and 6(c)(1) for risk evaluations and risk management rulemakings impose "non-discretionary" duties on the Agency which are subject to citizens' enforcement under section 20 where they are violated.

## FACTUAL ALLEGATIONS

### A.    Asbestos Is One of the Most Hazardous Substances Ever Produced

32.    Asbestos is a mineral fiber that was widely used during the twentieth century in a broad range of products and applications throughout the economy.

33.    Asbestos continues to be mined in some parts of the world and asbestos-containing products remain in commerce in many countries, including the US.

34.    EPA issued a comprehensive rule in 1989 banning most uses of asbestos under the previous version of TSCA. 54 Fed. Reg. 29460 (July 12, 1989). However, that rule was set aside by the Fifth Circuit Court of Appeals in 1989 on the ground that it exceeded EPA's authority under TSCA. *Corrosion Proof Fittings* v. EPA, 947 F.2d 1201 (5th Cir. 1991).

35.    Numerous members of Congress were concerned about the flaws in TSCA that blocked EPA from prohibiting asbestos use despite its extreme risks to health. These concerns were a major impetus for amending TSCA in 2016 and shaped Congress's changes in the law.

10

36.    For decades, the consensus among regulatory and public health bodies has been that asbestos is a human carcinogen and asbestos exposure is causally related to lung cancer, malignant mesothelioma, ovarian cancer, and cancer of the larynx in humans.  Non-malignant diseases such as asbestosis and asbestos-related pleural thickening are also caused by asbestos. All asbestos fiber types have been linked with each of these diseases. In addition, the scientific community has concluded that there is no use of asbestos or level of exposure that is safe.

37.    According to the World Health Organization, more than 250,000 people around the world die each year from asbestos-related lung cancer, mesothelioma and asbestosis resulting from occupational exposures. Hundreds of thousands of Americans have died from asbestos-related diseases and recent studies show that asbestos continues to kill over 40,000 people in the US each year.

**B.    Asbestos Is Selected for Risk Evaluation:  EPA Excludes Legacy Asbestos**

38    TSCA section 6(b)(2)(A) directed EPA to initiate risk evaluations of ten chemicals within 180 days of the date of  enactment of the 2016 Amendments. These substances were required to be drawn from the 2014 update of the TSCA Work Plan for Chemical Assessments (a priority-setting process EPA conducted in anticipation of the new legislation).

39.    EPA selected these 10 substances in December 2016. 81 Fed. Reg. 91927 (December 19, 2016). Asbestos, which was included in the 2014 Work Plan update and was a priority for members of Congress, was among these substances.

40.    When EPA began its risk evaluation, it initially took the position that "legacy" asbestos -- asbestos-containing materials already installed in buildings and other structures --  was beyond its authority under TSCA. In its May 2018 Problem Formulation for asbestos, EPA stated that it would not address "pre-existing materials currently in place within buildings (e.g., insulation

materials, flooring, etc.) and also within pre-existing non-building equipment" because "[t]hese materials were installed in the past, and there is no evidence to suggest that manufacturing, processing, or distribution for such activities is intended, known, or reasonably foreseen." https://www.epa.gov/sites/default/files/2018-06/documents/asbestos_problem_formulation_05-31-18.pdf/.

41.    EPA codified this approach in its July 2017 risk evaluation "framework" rule, which established the methodology EPA would follow for conducting risk evaluations. 82 Fed. Reg. 33726 (July 20, 2017). The preamble to the rule stated that EPA did not consider "legacy activities" -- comprising "legacy uses," "associated disposals," and "legacy disposals" -- to be TSCA "conditions of use." Id. at 33729–30.

### C.    The Ninth Circuit Rejects EPA's Exclusion of Legacy Asbestos

42.    The framework rule was challenged judicially by ADAO and other petitioners. On November 14, 2019, the Ninth Circuit Court of Appeals held that "EPA's exclusion of legacy uses and associated disposals contradicts TSCA's plain language." *Safer Chemicals, Healthy Families v. USEPA*, 943 F.3d 397, 421 (9th Cir. 2019). The Court held that TSCA's "conditions of use" definition "plainly addresses conditions of use of chemical substances that will be used or disposed of in the future, regardless of whether the substances are still manufactured for the particular use." Id. at 424. The Court expressly noted that asbestos in existing insulation and similar materials falls within this definition. Id. at 421, 424.

43.    As a result of the Ninth Circuit's decision, EPA was required to include legacy asbestos in its asbestos risk evaluation.

### D.    EPA Issues Part 1 Risk Evaluation Without Addressing Legacy Asbestos Despite Ninth Circuit Decision

44.     On January 4, 2021, EPA issued a final Part 1 risk evaluation for chrysotile asbestos, one of the six asbestos fibers recognized to cause harm. 86 Fed. Reg. 89 (January 4, 2021). The Part 1 evaluation addressed the risks of six ongoing conditions of use of chrysotile asbestos, determining that they presented unreasonable risks, but did not address the risks of the other five asbestos fibers or of legacy asbestos use and disposal.

45.     In the Part 1 evaluation, EPA promised to conduct a separate Part 2 risk evaluation to address legacy asbestos, but did not establish a schedule for completing it. Accordingly, on January 26, 2021, ADAO and several co-parties sent a sixty-day notice to EPA under TSCA section 20(b)(2), informing the Agency of its intent to bring a citizens' suit to enforce EPA's non-discretionary obligation to complete a risk evaluation addressing legacy asbestos.

46.     When EPA failed to respond, ADAO and its co-parties filed suit against EPA in the District Court for the Northern District of California on May 18, 2021. *Asbestos Disease Awareness Organization v. Michael S. Regan*, No. 4:21-CV-03716 (N.D. Cal.). The case was resolved by a Consent Decree entered by the court on October 13, 2021, which ordered EPA to issue its final Part 2 risk evaluation by December 1, 2024.

47.     On March 28, 2024, EPA issued its Part 1 risk management rule for Chrysotile Asbestos, banning the six ongoing conditions of use addressed in its Part 1 risk evaluation. 89 Fed. Reg. 21970 (March 28, 2024). That rule, however, did not address legacy asbestos.

**E.      EPA's Part 2 Risk Evaluation Finds Unreasonable Risk from Legacy Asbestos**

48.     EPA announced the availability of the draft Part 2 risk evaluation for public comment on April 16, 2024, 89 Fed. Reg. 26878.

49.     On December 3, 2024, EPA published its final Part 2 risk evaluation for legacy asbestos under TSCA section 6(b). 89 Fed. Reg. 95777. In that evaluation, EPA determined, based

on the best available science and the weight of scientific evidence, that legacy "asbestos poses unreasonable risk to human health." Id. at 95777–78.

50.    EPA specifically identified four categories of unreasonable risk from legacy asbestos: (1) cancer and non-cancer effects in workers, including other occupational non-users ("ONUs") and firefighters, from inhalation exposures; (2) cancer and non-cancer effects in handlers and bystanders from inhalation exposures associated with handling of garments taken home from occupational exposure; (3) cancer and non-cancer effects in consumers and bystanders from inhalation exposures; and (4) cancer and non-cancer effects in the general population from inhalation exposures. 89 Fed. Reg. at 95778.

51.    EPA acknowledged in its notice that it "must initiate risk management action as required pursuant to 15 U.S.C. 2605(a) to address the unreasonable risk." Id.

**F.    EPA Fails to Propose a Risk Management Rule by the Statutory Deadline**

52.    The publication of EPA's final Part 2 risk evaluation on December 3, 2024, triggered EPA's non-discretionary obligation under TSCA section 6(c)(1)(A) to propose a risk management rule for legacy asbestos. Under that provision, EPA "*shall propose* in the Federal Register a rule under subsection (a) for the chemical substance not later than 1 year after the date on which the final risk evaluation regarding the chemical substance is published." 15 U.S.C. § 2605(c)(1)(A) (emphasis added).

53.    Accordingly, EPA was required to propose a risk management rule for legacy asbestos no later than December 3, 2025.

54.    However, EPA did not propose a risk management rule for legacy asbestos by this deadline. Instead, over seven months later, the proposal has still not been published. EPA therefore

14

has been, and remains, in violation of its non-discretionary statutory duties under TSCA sections 6(a) and 6(c)(1)(A).

### G.    Plaintiff Submits a Sixty-Day Notice to EPA

55.    On February 13, 2026, ADAO, through its counsel, submitted a notice of intent to sue to EPA Administrator Lee Zeldin pursuant to TSCA section 20(b)(2), 15 U.S.C. § 2619(b)(2), and 40 C.F.R. § 702.62(b). The notice detailed the specific TSCA provisions at issue, the factual and legal basis for alleging that EPA is in violation of its non-discretionary duty, and the identity of the citizen giving notice.

56.    More than sixty days have elapsed since ADAO's February 13, 2026 notice but. EPA has failed to propose a risk management rule for legacy asbestos.  The statutory precondition for commencing this action has thus been satisfied

### H.    EPA Seeks to Extend the Deadlines In Section 6(c)(1) by Nearly 19 Months

57.    Two months after plaintiff's original Complaint in this action was filed on April 21, 2026, EPA sought to extend the statutory deadline for proposing a risk management rule on legacy asbestos.

58.    On June 24, 2026, EPA issued a statement on its Website asserting that "TSCA section 6(c)(1)(C) authorizes EPA  to adjust the TSCA  section  6(c)(1)(A) proposed  rule deadline for chemicals   like   asbestos when additional information is   necessary   to   propose the rule."  On this basis, EPA said it "will propose the asbestos part 2 risk management rule by June 3, 2027," nearly 19 months after the statutory deadline of December 3, 2025, "so that EPA can   gather   the   exposure   information   needed"   to   draft   the   proposed   rule. https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/risk-evaluation-asbestos-part-2-supplemental-evaluation#recent.

59.    According to EPA, "[t]hese data will strengthen the rule's exposure and economic analyses — clarifying who is exposed, how often, under what conditions, and the costs and benefits of potential actions." Accompanying EPA's notice was a 6-page list of questions on which EPA is seeking public comment. https://www.regulations.gov/document/EPA-HQ-OPPT-2025-0036-0002. Comments will be accepted until August 24, 2026.

60.    EPA did not publish a notice in the Federal Register proposing an 18 month extension of the statutory deadline for proposing the Part 2 rule and seeking public comment on whether this extension was justified under the criteria in TSCA section 6(c)(1)( C).

## CLAIMS FOR RELIEF

I.    **Violation of TSCA Sections 6(a) and 6(c)(1)(A): Failure to Perform a Non-Discretionary Duty to Propose a Risk  Management Rule**

61.    Plaintiff incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62.    TSCA section 6(c)(1)(A), 15 U.S.C. § 2605(c)(1)(A), imposes a mandatory, non-discretionary duty on the EPA Administrator to propose a rule under section 6(a) to address the unreasonable risk of a chemical substance within one year of the publication of a final risk evaluation determining that the substance presents such a risk.

63.    EPA's final Part 2 risk evaluation for legacy asbestos was published on December 3, 2024 and affirmatively determined that legacy asbestos presents an unreasonable risk of injury to human health. This determination triggered EPA's non-discretionary obligation to propose a section 6(a) risk management rule within one year, or by December 3, 2025.

64.    EPA failed to propose a risk management rule for legacy asbestos by the December 3, 2025 statutory deadline and has continued to take no action in violation of TSCA. This inaction constitutes a violation of EPA's non-discretionary duty under TSCA sections 6(a) and 6(c)(1)(A).

16

65.    TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), authorized ADAO to bring this citizens' suit to compel the Administrator to perform his non-discretionary duty to propose a rule under section 6(c)(1).

66.    All statutory prerequisites for filing suit under section 20(a)(2) have been satisfied. Plaintiff has standing to bring this action and has complied with the 60-day notice requirement in section 20(b)(2).

67.    EPA's failure to propose a risk management rule for legacy asbestos causes ongoing and irreparable harm to ADAO's supporters and to the public, who continue to be exposed to legacy asbestos without the protections that a risk management rule would provide.

68.    Absent judicial intervention, EPA will not comply with its statutory duty and a court order enforcing that duty is necessary.

## II.    Violation of TSCA Requirements for Extending Section 20 Deadlines

69.    EPA's 18 month "postponement" of its statutory deadline for proposing a risk management under section 6(c)(1)(A) is unauthorized under section 6(c)(1)(C).

70.    Under this provision, the maximum allowable extension of the statutory deadlines for completing risk management rulemakings is two years, calculated by adding the length of the rulemaking delay to EPA's earlier delay in completing its risk evaluation for legacy asbestos.

71.    EPA's asbestos risk evaluation, which was required to address all conditions of use and all asbestos fibers, was initiated in December 2016 and, under section 6(b)(G)(4)(G), had to be completed in no more than 3.5 years – or by May 2020. As the Ninth Circuit ruled in November 2019, legacy asbestos exposure was a "condition of use" under TSCA section 3(4) and was required to be addressed in EPA's asbestos risk evaluation.

17

72.    However, EPA did not complete the Part 2 evaluation for legacy asbestos until December 2024, 3.6 years later  than the deadline for completing the evaluation, which EPA initiated in November 2016.

73.    Combining EPA's multi-year delay in completing the Part 2 risk evaluation with its 18 month extension of the proposal date for the Part 2 risk management rule, the aggregate delay would be 5.5 years, well in excess of the maximum two year extension for finalizing risk management rules allowed by the statute. Even if EPA's obligation to evaluate legacy asbestos was not triggered until the Ninth Circuit decision in November 2019, the Part 2 evaluation would have been taken slightly over 4 years to complete, over a year longer than the 3 year deadline in the statute. In this event, the aggregate delay in proposing the Part 2 rule would be 30 months, more than six months more than section 6(c)(1)(C) allows for completion of the entire rulemaking process. Under either scenario, EPA's extension would exceed the maximum two – year extension permitted by TSCA.

74.    In the absence of a mechanism in TSCA for judicial review of extensions of TSCA rulemaking deadlines under section 6(c)(1)( C), these extensions comprise "agency action" reviewable by this Court under the APA, 5 U.S.C. §702.

75.    Because EPA's extension of the one-year statutory deadline for proposing the Part 2 risk management rule violates TSCA, it is "not in accordance with law" and the Court must "hold [it] unlawful and set [it] aside" under section 706(2)(A) and (C) of the APA, 5 U.S.C. §706(2)(A) and (C).

76.    Since it is unlawful, EPA's extension cannot justify its failure to meet TSCA's. statutory deadline for proposing the Part 2 rule and that deadline must be enforced  by the Court under TSCA section 20(a)(2).

18

**III**.  **Violation of APA Procedural and Substantive Requirements for Agency Rules**

77.    EPA's June 24, 2026 extension of the statutory deadline for proposing the asbestos Part 2 rule was a "rule" as defined in section 551(4) of the APA, 5 U.S.C. §551(4).

78.    As a "legislative" or "substantive" rule, the extension was required to comply with the procedural requirements for rulemaking in section 553(b) and (c) of the APA, which called for EPA to publish a notice of proposed rulemaking in the Federal Register and afford interested parties a comment period of at least 30 days.  5 U.S.C. §553(b) and (c).

79.    EPA failed to comply with these requirements, and thus the extension must be held unlawful and set aside under APA section 706(2)(D) because it was "without observance of procedure required by law."  5 U.S.C. §706(2)(D).

80.    Because asbestos was included in EPA's 2014 revision to its TSCA Work Plan for Chemical Assessments, section 6(c)(1)(C) also required any extension of its deadline for proposing the Part 1 rule to provide an "adequate public justification that demonstrates, following a review of the information reasonably available to [EPA], that [it] cannot complete the proposed or final rule without additional information regarding the chemical substance."

81.    EPA's June 24, 2026 announcement of its 18 month extension of the Part 2 proposal deadline did not provide this "adequate public justification" because it failed to (i) "review the information reasonably available to EPA" in the 2024 Part 2 risk evaluation, relevant agency data- bases and other public sources and (ii) "demonstrate" that this information was inadequate to "complete" the Part 2 rulemaking.

82.    Accordingly, the extension must also be set aside as "arbitrary [and] capricious" and "otherwise not in accordance with law" under APA section 706(2)(A),  5 U.S.C. §706(2)(A).

<u>**REQUEST FOR RELIEF**</u>

19

WHEREFOR, Plaintiff ADAO respectfully requests that this Court:

A.    Declare that EPA's June 24, 2026 18-month extension of TSCA's one-year deadline for proposing its Part 2 risk management rule for legacy asbestos was unlawful and of no effect under TSCA section 6(c)(1)(C) of TSCA;

B.    Declare that, because EPA's extension was unlawful, defendants violated their non-discretionary duty under TSCA section 6(c)(1)(A), to propose a risk management rule for legacy asbestos within one year of publication of the final Part 2 risk evaluation on December 3, 2024;

C.    Hold that plaintiff has met the prerequisites for declaratory relief under the DJA and injunctive relief under section 20(a)(2) of TSCA because it has demonstrated its standing to sue and complied with the notice requirements in TSCA section 20(b)(2);

D.    Issue an injunction setting enforceable deadlines by which defendants must propose and finalize a TSCA section 6(a) risk management rule for legacy asbestos in accordance with its non-discretionary duties under TSCA;

E.    Retain jurisdiction over this action to oversee and ensure compliance with the Court's injunction;

F.    Award plaintiff its reasonable attorneys' fees and costs pursuant to TSCA section 20(c), 15 U.S.C. § 2619(c); and

G.    Grant such other and further relief as the Court deems just and proper.

Dated:  July ___, 2026

Respectfully submitted,

20

/s/*Robert M. Sussman*
Robert M. Sussman
DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Asbestos Disease*
*Awareness Organization*

21