**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION<br>Plaintiff,<br><br>v.<br><br>LEE ZELDIN, ADMINISTRATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br>Defendants. | No. 1:26-cv-1350 |

**DEFENDANTS' SECOND PREMOTION STATEMENT**

Pursuant to the Court's July 20, 2026 Minute Order, Defendants represent that they will seek dismissal of Plaintiff Asbestos Disease Awareness Organization's ("ADAO") Supplemental Complaint under Rule 12(b) on standing, mootness, and finality grounds.

**INTRODUCTION**

The United States Environmental Protection Agency ("EPA") regulates the manufacture (including import), processing, distribution in commerce, use, and disposal of chemical substances pursuant to section 6 of the Toxic Substances Control Act ("TSCA"). 15 U.S.C. § 2605. TSCA sets a one-year deadline for EPA to propose a risk management rule in cases where the Agency has determined that the chemical substance at issue presents an unreasonable risk under the relevant conditions of use. *Id.* § 2605(c)(1)(B). However, the statute expressly authorizes EPA to extend that deadline for up to two years. *Id.* § 2605(c)(1)(C).

ADAO filed a Complaint alleging that EPA has not timely proposed a risk management rule

for legacy uses of asbestos. ECF No. 1.[1] However, EPA subsequently exercised its statutory authority to extend the deadline until June 3, 2027. *See* 15 U.S.C. § 2605(c)(1)(C); EPA June 23, 2026 Statement.[2] In its announcement of the extension, EPA explained that it required more time to gather information on activities that disturb asbestos-containing materials, the use of legacy products such as construction materials, and air-sampling methods and laboratory capabilities. June 23, 2026 Statement.

Defendants filed a Pre-Motion Statement that explained that the Complaint was moot after the extension and that, in any event, ADAO had not pled any basis for standing. Not. of Premotion Stmt., ECF No. 7. Rather than voluntarily dismiss its Complaint, ADAO filed a Supplemental Complaint that challenges the extension and claims that its "partners and supporters are at risk of serious harm from EPA's [alleged] delay." ECF No. 10-2 ¶ 18. The Supplemental Complaint is fatally flawed and should be dismissed.

## ARGUMENT

### I. ADAO Lacks Standing.

Federal courts "do not possess a roving commission to publicly opine on every legal question" and "do not exercise general legal oversight" over private parties and other branches of the federal government. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). Rather, to establish jurisdiction, courts must ensure that there is an active controversy for the court to resolve with the proper plaintiffs suing the proper defendant over a particular and concrete injury. *Id*. Importantly, ADAO cannot merely point to a general danger, affecting everyone, "lest the injury be too general for court action and suited instead for political redress." *Fl. Audubon Soc'y v. Bentsen*, 94 F.3d 658,

[1] EPA previously finalized a risk management rule for ongoing uses of chrysotile asbestos. 89 Fed. Reg. 21970 (Mar. 28, 2024).
[2] https://www.epa.gov/chemicals-under-tsca/epa-seeks-additional-information-protect-americans-legacy-uses-and-associated

667 n.4 (D.C. Cir. 1996). ADAO has not identified a particular and concrete injury. Instead, ADAO alleges that asbestos is dangerous and has "numerous pathways of unsafe exposure . . . throughout the economy," and that "several segments of the population" experience legacy asbestos exposure. Supp. Compl. ¶ 18. Those are generalized statements of harm that fail to distinguish ADAO from anyone else with respect to potential injury and describe a "remote and speculative" injury that is "properly left to the policymaking Branches, not the Article III courts." *Food & Water Watch, Inc., v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015) (quotation omitted).

Further, to claim associational standing, an organizational plaintiff must establish that its members would have standing to sue in their own right. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Thus, an organizational plaintiff must show that it actually has members, either by identifying specific members or by demonstrating that the organization is "the functional equivalent of a traditional membership organization" with "a definable membership body whose resources and wishes help steer the organization's course." *Pub. Emps. for Env't Resp. v. Zeldin*, 174 F.4th 183, 187, 191–92 (D.C. Cir. 2026) (quotation omitted). Merely having "supporters" does not give raise to associational standing. *Id.*

ADAO does not allege that it has any members, identify any members, or describe a definable membership body. Instead, ADAO bases its standing on the purported interests of its "partners and supporters." Supp. Compl. ¶ 18. Yet, "partners and supporters" do not give rise to associational standing, because a "supporter" could be anyone who plaintiff claims will benefit from the action, and is not necessarily someone with any tie to the organization. *Pub. Emps. for Env't Resp.,* 174 F.4th at 192–93. Indeed, ADAO has not even suggested that its supporters have the "roles, responsibilities, or influence" over it to give rise to associational standing. *See id.* at 191. The D.C. Circuit has flatly rejected a similar and "expansive conception of associational standing." *Id.* at 188.

**II. ADAO's First Claim Is Moot.**

ADAO's first claim alleges that EPA violated section 6(c)(1)(A), 15 U.S.C § 2605(c)(1)(A), because it did not propose a risk management rule for legacy asbestos within one year of its determination that legacy asbestos presents an unreasonable risk. Supp. Compl. ¶ 62. EPA has exercised its statutory authority to extend the deadline to June 3, 2027, to provide time for further consideration and information collection regarding an unusual regulatory subject (legacy uses of asbestos) and the serious health and environmental concerns associated with regulatory approaches to such legacy uses (e.g., disturbing asbestos materials). *See supra* at 2. Because the applicable deadline is no longer in the past, ADAO's first claim is moot and must be dismissed. *See NRDC v. NRC*, 680 F.2d 810, 814 (D.C. Cir. 1982).

**III. ADAO's Second and Third Claims Are Not Valid Causes of Action.**

ADAO's second and third claims allege that the extension violated TSCA section 6(c)(1)(C) and section 553(b) and (c) of the Administrative Procedure Act's ("APA"), respectively. But the extension is not a final agency action under TSCA or the APA, much less a rulemaking. Accordingly, ADAO's second and third claims are not valid causes of action.

TSCA section 6(i) specifies what Agency actions under section 6 qualify as reviewable final agency actions. 15 U.S.C. § 2605(i). Extending a proposed rule deadline pursuant to section 6(c)(1)(C), *id.* § 2605(c)(1)(C), is not listed. Thus, the extension is not a final agency action and not subject to judicial review. And even if the extension were a "rule," as ADAO claims (Supp. Compl. ¶¶ 77–78), this would not be the proper court: TSCA section 19 provides that judicial review of a rule under TSCA is proper only in the United States Courts of Appeals. *Id.* § 2618(a)(1)(A).

While TSCA section 6(i)'s definition of final agency action displaces the APA here, *see* 5 U.S.C. § 701(a), the APA would be of no avail anyway. Because the extension was not a final agency action—much less a rulemaking—the APA's rulemaking requirements do not apply. *See* 5

U.S.C. § 553(b)–(c).

First, the extension is not a final agency action under the APA. For an action to be "final," the action (1) "must mark the consummation of the agency's decisionmaking process" and not be "merely tentative or interlocutory," *and* (2) "must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (citation modified). The extension fails the first prong because it is not the consummation of a decisionmaking process but rather an intermediate step towards publishing a *proposed* rule. *See Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (ongoing agency review renders an order nonfinal). The extension also fails the second prong because it merely extends the time by which EPA must publish a proposed rule and, in the meantime, retains the status quo; no legal consequences flow from any action but the future final risk management rule. *See California v. EPA*, 940 F.3d 1342, 1350 (D.C. Cir. 2019) (second prong failed where challenged action created only the possibility of change to standards); *cf. Clean Air Council v. Pruitt*, 862 F.3d 1, 6 (D.C. Cir. 2017) (decision to grant reconsideration not final agency action). Thus, the APA does not permit this Court to review the extension. *See* 5 U.S.C. § 704 (limiting APA review to "final" agency actions).

Second, the extension is not a "rule" as defined in 5 U.S.C. § 551(4) because it is not "an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." *Contra* Supp. Compl. ¶¶ 77–78. Indeed, it is the opposite: EPA determined that it needed more information before it could even propose a rule addressing the unreasonable risks from legacy asbestos. *See Ass'n of Irritated Residents v. EPA*, 494 F.3d 1027, 1033–34 (D.C. Cir. 2007) (challenged agreement was a preliminary step that did not express agency's implementation of any statutory provision).

## CONCLUSION

The Court should dismiss the Supplemental Complaint.

Dated: August 14, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice

/s/ *Laura Glickman*
Laura Glickman
Sarah Williams
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (202) 598-3056- Glickman
Phone: (202) 598-9728- Williams
Fax: (202) 514-8865
Laura.Glickman@usdoj.gov
Sarah.Williams@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on this 14th day of August, 2026, a true and correct copy of the foregoing pleading was filed electronically with the Clerk of Court of the District of Columbia by using the CM/EDF system, which provides notice of filing to all counsel of record by electronic means.

/s/ *Laura Glickman*
Laura Glickman