**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION,<br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, ADMINISTRATOR OF ENVIRONMENTAL PROTECTION AGENCY and U.S. ENVIRONMENTAL PROTECTION AGENCY<br>*Defendants*. | CIVIL ACTION NO. 26-cv-01350-AHA |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND PRE-MOTION NOTICE**

Following defendants' initial Pre-Motion Statement, plaintiff Asbestos Disease Awareness Organization (ADAO) moved on July 15 to file a Supplemental Complaint. ECF 10. In its Minute Order of July 20, 2026, the Court granted plaintiff's motion and directed defendants Environmental Protection Agency (EPA) and Lee Zeldin to respond to the Supplemental Complaint by August 19. Defendants have now filed a new Pre-Motion Notice (ECF 13) seeking to dismiss the Supplemental Complaint. [1]

ADAO believes that this new dismissal motion would be without merit and, if filed, should be denied for the reasons outlined below. Rather than allowing defendants to seek dismissal under FRCP 12, ADAO proposes that the Court direct the parties to file cross-motions for summary judgment motion within 30 days.

[1] Counsel for plaintiff and defendants are available for a conference with the Court on September 15 from 2-3 and September 17 from 2-4.

There is a compelling public interest in resolving this case quickly. The presence of legacy asbestos in buildings across the US is pervasive and millions of citizens are potentially at risk of lethal health effects from asbestos exposure. There is no dispute that defendants failed to propose a risk management rule for legacy asbestos by December 3, 2025, as required by section 6(c)(1)(A) of the Toxic Substances Control Act (TSCA). The only question in this case is whether defendants acted lawfully in "extending" the application of this statutory deadline on June 24, 2026, two months after ADAO first filed suit. If the legality of this extension is not now examined by the Court, defendants could ignore their statutory obligations and further delay addressing the imminent risks of legacy asbestos under TSCA.

Plaintiff's Supplemental Complaint maintains that the EPA extension is flawed under TSCA and the Administrative Procedure Act (APA) and therefore cannot relieve defendants from their statutory obligations. These issues raise questions of law that are best addressed through a summary judgment process that enables the Court to promptly enforce EPA's non-discretionary duties under TSCA section 20(a)(2) if it rules in plaintiff's favor.

## I. The Expanded Allegations in the Supplemental Complaint are Plainly Sufficient to Establish Standing at the Motion to Dismiss Stage

The Supreme Court has held that, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [because] . . . we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561(1992) quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). Thus, the question is whether plaintiff's Supplemental Complaint "plausibly alleged standing," not "whether plaintiffs have established each element of standing by a preponderance of the evidence." *AFGE v. OPM*, 928 F.3d 42, 54 (D.C. Cir. 2019).

ADAO's network of supporters and partners includes over 50,000 organizations and individuals. Supp. Com. (ECF 12) ¶¶ 16-17. They contribute financially to ADAO, participate in its campaigns, conferences, and public outreach efforts, express their views on policy and legal advocacy that ADAO undertakes, rely on ADAO to represent their interests before Congress, federal agencies, and the courts, join ADAO as co-plaintiffs or intervenors in lawsuits, and co-sign comments and letters presenting ADAO's positions to policymakers, scientific bodies and other influential groups. Id. Thus, ADAO's supporters and partners are the "functional equivalent of members" for standing purposes. *Flyers Rts. Educ. Fund, Inc. v. United States Dep't of Transp.*, 957 F.3d 1359, 1361–62 (D.C. Cir. 2020). A delay in meeting the statutory deadlines for section 6 rulemaking on legacy asbestos would cause particularized harm – over and above risks to the general populations – to ADAO supporters with elevated exposure to legacy asbestos, i.e. firefighters, asbestos abatement workers, and students and teachers. Supp. Com. ¶ 20. The DC Circuit has "frequently upheld claims of standing based on allegations of a 'substantial risk' of future injury." *Attias v. CareFirst, Inc.*, 865 F.3d 620, 626-27 (D.C. Cir. 2017). ADAO's Supplemental Complaint contains such allegations.

Rather than address standing in a motion to dismiss, it would be more efficient to resolve the issue in the summary judgement context, where the Court could make a definitive standing determination with the benefit of declarations rather than on the basis of the Supplemental Complaint alone.

## II. Because its Legality is Disputed, EPA's "Extension" of the Statutory Deadline Does Not Make this Case Moot

Defendants' claim of mootness presupposes that EPA no longer has a statutory obligation to propose a risk management rule for legacy asbestos by December 3, 2025 and therefore no colorable basis exists to conclude that it is violating this deadline. However, this assumption is

correct only if EPA's June 24, 2026 "extension" of the deadline lawfully suspended the rulemaking requirements in TSCA section 6(c)(1)(A). In fact, ADAO's Supplemental Complaint demonstrates that the extension was flawed substantively and procedurally under TSCA and the APA for the following reasons:

- Under TSCA section 6(c)(1)(C), the maximum allowable extension of the statutory deadlines for completing risk management rulemakings is two years, calculated by adding the length of the rulemaking delay to EPA's earlier delay in completing its risk evaluation for legacy asbestos. However, combining EPA's multi-year delay in completing its risk evaluation with its 18 month extension of the proposal date for the Part 2 risk management rule, the aggregate delay would be 5.5 years, well in excess of the maximum two year extension for finalizing risk management rules allowed by the statute. Supp. Com. ¶¶ 69-73.
- EPA's June 24, 2026 extension of the statutory deadline for proposing the legacy asbestos rule was a "rule" as defined in section 551(4) of the APA, 5 U.S.C. §551(4). As a result, EPA had to comply with the procedural requirements for rulemaking in section 553(b) and (c) of the APA, 5 U.S.C. §553(b) and (c). Because these requirements were bypassed, the extension was "without observance of procedure required by law" and therefore violated APA section 706(2)(D), 5 U.S.C. §706(2)(D). Supp. Com. ¶¶ 77-79.
- For asbestos and certain other chemicals, section 6(c)(1)(C) required any extension of the deadline for proposing the legacy asbestos rule to provide an "adequate public justification that demonstrates, following a review of the information reasonably available to [EPA], that [it] cannot complete the proposed or final rule without additional information regarding the chemical substance." EPA's June 24, 2026 extension announcement did not provide this "adequate public justification" because it failed to "review the information reasonably

available to EPA" and "demonstrate" that this information was inadequate to "complete" the legacy rulemaking. Id. at ¶¶ 80-81.

For these reasons, the extension could not relieve EPA from its TSCA rulemaking obligations and the statutory deadline remains in effect. At a minimum, there is a live controversy over the continued applicability of the statutory deadline that precludes dismissal on mootness grounds.

### III. EPA's June 24, 2026 "Extension" of the TSCA Rulemaking Deadline was "Final" Agency Action Ripe for Judicial Review.

Defendants assert that the extension was simply an "interim step" in the TSCA risk management rulemaking for legacy asbestos and will only be "final agency action" when (or if) a final rule is promulgated. However, the extension is now in effect and, according to EPA, has already reset and postponed TSCA's rulemaking deadlines. Thus, if the Court cannot examine the extension's validity now, it would be unable to compel compliance with the statutory timetable and EPA will never held accountable for conducting rulemaking on the timetable established by Congress.

For these reasons, the extension meets the two-part test for finality in *Bennett v. Spear*, 520 U.S. 154, 178 (1997). Since the Agency itself treated the extension as immediately effective in suspending its rulemaking obligations, it was not of a "merely tentative or interlocutory nature" but "the consummation of the agency's decision-making process" for applying TSCA's rulemaking deadlines. Moreover, because the extension altered the statutory rulemaking deadlines EPA must meet, it "determined . . . rights or obligations" and had direct "legal consequences."

In conclusion, the most efficient and expeditious process for resolving the issues in this case is to proceed directly to cross-motions for summary judgement as opposed to a motion to dismiss. The Court should direct the parties to file summary judgment motions in 30 days.

Respectfully submitted.

/s/*Robert M. Sussman*
Robert M. Sussman
DC BAR NO. 226746
SUSSMAN & ASSOCIATES
3101 Garfield Street, NW
Washington, DC 20008
(202) 716-0118
bobsussman1@comcast.net

*Attorney for Plaintiff Asbestos Disease Awareness Organization*

September 4, 2026